UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL JOHN JAKUBOWSKI, JR.,	Case No. 2:24-cv-80

      Plaintiff,	Hon. Robert J. Jonker
                                                   U.S. District Judge
v.

SCHOOLCRAFT COUNTY and
STATE OF MICHIGAN,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Michael John Jakubowski, Jr., filed suit on May 15, 2024. (ECF No. 1.) The Court granted Jakubowski *in forma pauperis* status on May 16, 2024, allowing Jakubowski to proceed without the prepayment of filing fees. (ECF No. 4.) As a result, the Court must undertake an initial review of the complaint to determine whether this matter should proceed. Because Jakubowski's complaint presents the same claims that were dismissed by this Court in *Jakubowski v. Michigan*, No. 2:23-CV-123, 2023 WL 5608810, at *1 (W.D. Mich. Aug. 30, 2023), the undersigned opines at the outset that it should not.

### II. Factual Background

Jakubowski's statement of claim spans only two paragraphs. Those paragraphs are shown below.

> I believe that my First Amendment rights, Freedom of Speech was violated as the First Amendment protects speech even when its offensive. As per the Constitution, Congress can make no law against that, and it has no age limit. Also, changes can only be made when 2/3 of the votes are in agreement. While I did say things that I should not have, they were just that. Only words, nothing was going to come of it. I made a mistake. People make mistakes and do not necessarily deserve to be crucified as I was. There are other cases out there where people said a lot worse things to people a lot younger than them who did not get any charges brought against them or forced to be on the offender registry. I am deeply sorry for the words that happened over text message and would take it back if I could.
>
> The State of Michigan and Schoolcraft County have decided that what I said in February of 2019 through text messages was punishable by law since they considered it offensive. However, the First Amendment protects Freedom of Speech even when it is offensive. I believe that the charge I was given in itself is a violation of the Constitution and the First Amendment. And while the words may be considered offensive, they should be required to abide by the Constitution and its rights.

(ECF No. PageID.5.)

Though Jakubowski is vague about the speech underlying his conviction and the conviction itself, an opinion from the Court of Appeals of Michigan reveals that Jakubowski was convicted of accosting a child for immoral purposes after he sent a series of sexually charged messages to his then 13-year-old niece. *People v. Jakubowski*, No. 357999, 2022 WL 17881347, at *1 (Mich. Ct. App. Dec. 22, 2022), *appeal denied*, 988 N.W.2d 777 (Mich. 2023).

### III.  Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

In determining whether a complaint should be dismissed, the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556). The court must read *pro se* complaints indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the complaint allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## IV. Analysis

On July 11, 2023, Jakubowski filed a nearly identical complaint against Defendants with this Court alleging that Defendants violated his First Amendment Free Speech rights by accusing and ultimately convicting him of criminal sexual conduct based on his text messages. Complaint at 5, *Jakubowski v. Michigan*, No. 2:23-CV-123. In a screening R. & R. that was later adopted by the Court, the undersigned recommended that the Court dismiss Jakubowski's complaint for failing to state a claim. *Jakubowski v. Michigan*, No. 2:23-CV-123, 2023 WL 5614947, at *3 (W.D. Mich. Aug. 8, 2023), *R. & R. adopted*, No. 2:23-CV-123, 2023 WL 5608810 (W.D. Mich. Aug. 30, 2023). The undersigned reasoned that: (1) Jakubowski's request for monetary damages against the State of Michigan was barred by Eleventh Amendment sovereign immunity; (2) Jakubowski failed to identify a policy or custom adopted by Schoolcraft County that served as the moving force behind a violation of

his First Amendment rights; (3) Jakubowski's claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1984), where Jakubowski did not allege that his conviction had been overturned; and (4) the Court lacked jurisdiction to review Jakubowski's state court case in accordance with *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1983). *Jakubowski*, 2023 WL 5614947, at *2. Jakubowski did not object.

As recognized by the Court in *Faber v. Carey*, No. 1:17-CV-784, 2017 WL 4784405, at *3 (W.D. Mich. Oct. 24, 2017):

> The doctrine of res judicata, also called claim preclusion, means that a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata is an affirmative defense, Fed. R. Civ. P. 8(c), and "[c]ourts generally lack the ability to raise an affirmative defense sua sponte." *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013) (quoting *Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 757 (6th Cir. 2003)). The Court "may take the initiative to assert the res judicata defense sua sponte in 'special circumstances.'" *Id.* (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). One such special circumstance occurs when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412.

Res judicata applies when: (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Moitie*, 452 U.S. at 398.

All of the requirements of res judicata are met here. Jakubowski's 2023 case involved the same parties and cause of action and ended in a final judgment on the merits. *Jakubowski*, 2023 WL 5608810, at *1. And, as in *Faber*, special

4

circumstances allow the Court to raise res judicata sua sponte; this Court is on notice that it previously decided the issues presented in Jakubowski's complaint. Accordingly, this action is barred by res judicata, and is properly dismissed as legally frivolous. *Faber*, 2017 WL 4784405, at *3 (first citing *Taylor v. Reynolds*, 22 F. App'x 537, 538-539 (6th Cir. 2001); then citing *Murray v. Reed*, No. 02-2458, 2003 WL 21377472, at *1 (6th Cir. June 12, 2003); and then citing *Gwyddioniaid v. O'Neil*, No. 88-6436, 1989 WL 68601 (6th Cir. June 26, 1989)).

## V.     Recommendation

The undersigned respectfully recommends that the Court dismiss Jakubowski's complaint under 28 U.S.C. § 1915(e)(2)(B) because it is barred by the doctrine of res judicata.

If the Court accepts this recommendation, the case will be dismissed.

Dated:  June 21, 2024                               /s/ *Maarten Vermaat*
                                                    MAARTEN VERMAAT
                                                    U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).