UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL JOHN JAKUBOWSKI, JR.,

    Plaintiff,

v.

Case No. 2:24-cv-80

Hon. Robert J. Jonker

SCHOOLCRAFT COUNTY and
STATE OF MICHIGAN,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation, (ECF No. 5), recommending that the Court dismiss Plaintiff Michael John Jakubowski, Jr.'s First Amendment claim against Defendants under the screening provision of 28 U.S.C. § 1915(e)(2)(B). The Court has also reviewed Jakubowski's Objection to the Report and Recommendation. (ECF No. 6). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. Wright & A. Miller, Federal Practice and Procedure § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge.

Jakubowski was permitted to proceed *in forma pauperis*. (ECF No. 4). The core of his claim is that Defendants violated the First Amendment when they prosecuted and obtained a conviction against him for accosting a child for immoral purposes, *see* Mich. Comp. Laws § 750.145a, based on a series of sexual Snapchat messages Jakubowski sent to his 13-year-old niece in February 2019. *See People v. Jakubowski*, No. 357999, 2022 WL 17881347, at *1–3 (Mich. App. Dec. 22, 2022) (per curiam), *appeal denied,* 988 N.W.2d 777 (Mich. 2023). In his Complaint, Jakubowski concedes that "I did say things that I should not have," but he maintains that "they were just that. Only words, nothing was going to come of it . . . [and] the First Amendment protects Freedom of Speech even when it is offensive." (ECF No. 1 at PageID.5). Jakubowski "simply request[s] to have the felony [conviction] removed from [his] record and to be removed from the offender registry" so that he can—for example—"attend [his] children's school events." (*Id.*). The cover sheet for Jakubowski's Complaint states that he is asserting a civil rights action for "violation of freedom of speech"—suggesting that he is attempting to assert a claim under 42 U.S.C. § 1983." (ECF No. 1 at PageID.3). He has not completed the form required by the Court for a habeas corpus proceeding.[1]

---

[1] Jakubowski is currently serving a five-year sentence of probation for his conviction. The terms of his probation include numerous onerous restrictions, including requirements that he register as a sex offender and stay more than 500 feet away from public parks and recreation areas. *See, e.g.*, Michael John Jakubowski, Jr., *Michigan Department of Corrections Offender Tracking System*, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=664252 (last visited July 18, 2024); *Jakubowski*, 2022 WL 17881347, at *1. Accordingly, even though Jakubowski is not presently incarcerated, he is still "in custody" and therefore theoretically eligible to petition for a writ of habeas corpus. *See, e.g., McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989), and cases cited.

After conducting the requisite review under 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Jakubowski's claim as claim precluded. The Court agrees with Judge Vermaat's recommendation that the Court dismiss Jakubowski's claim, albeit on different grounds. In the Court's view, the more fundamental problem with Jakubowski's claim is that habeas—rather than § 1983—is the the exclusive mechanism for the relief he seeks. *See Kitchen v. Whitmer*, No. 22-2160, 2024 WL 3218983, at *7–8 (6th Cir. June 28, 2024) (collecting cases). Jakubowski is asking the Court to directly "remove" his State court felony conviction because it violates the First Amendment—a request that lies at the "core" of habeas relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Plaintiff cannot bypass the habeas exhaustion requirements by challenging his conviction and sentence under 42 U.S.C. § 1983, rather than by filing a habeas petition. Stated differently, unless and until Jakubowski's conviction is overturned by the State court, he is barred from using § 1983 to pursue his claim in Federal court. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). Any Federal remedy he may have is through habeas, subject to exhaustion and all of the other requirements of habeas proceedings. *See, e.g.*, *Stampone v. Mich. Supreme Ct.*, No. 1:23-cv-1166, 2024 WL 770617, at *1 (W.D. Mich. Feb. 26, 2024), *aff'd,* Case No. 24-1252 (6th Cir. July 17, 2024).

Even if Jakubowski could assert a § 1983 claim, however, the Court agrees with the Magistrate Judge that his action would be subject to dismissal on claim preclusion grounds. Claim preclusion—a subset of the broader doctrine of *res judicata*—bars parties or their privies from relitigating issues that were or could have been adjudicated on the merits in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). More specifically, it applies when there was an earlier action that (1) was litigated to a final judgment on the merits; (2)

involved the same parties or their privies; (3) arose out of the same factual occurrence as the current proceeding; and (4) the claim at issue in the current proceeding could have been raised in the earlier action. *Arangure v. Whitaker*, 911 F.3d 333, 345 (6th Cir. 2018). Typically, courts do not raise an affirmative defense like claim preclusion *sua sponte*, but an exception applies "when a court is on notice that it has previously decided the issue presented." *Faber v. Carey*, No. 1:17-cv-784, 2017 WL 4784405, at *3 (W.D. Mich. Oct. 24, 2017) (quotation omitted).

In 2023, Jakubowski filed a § 1983 action against Defendants that asserted a materially-identical First Amendment claim—satisfying the second, third, and fourth elements of claim preclusion. *See Jakubowski v. Michigan*, No. 2:23-cv-123, 2023 WL 5614947, at *2 (W.D. Mich. Aug. 8, 2023) (Vermaat, J.), *report and recommendation adopted,* 2023 WL 5608810 (W.D. Mich. Aug. 30, 2023) (Beckering, J.). Whether the 2023 action resulted in a final judgment on the merits is a closer question because the Report and Recommendation articulated both merits and non-merits reasons for dismissal. But importantly, the Court's Order adopting the Report and Recommendation stated that it was dismissing Jakubowski's Complaint only "for failure to state a claim." *Jakubowski*, 2023 WL 5608810, at *1. This operates as a final judgment on the merits. *See, e.g.*, *Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001). The Court thus concludes that the first requirement for claim preclusion is satisfied, so if the *Heck* bar did not apply, screening dismissal on claim preclusion grounds would be appropriate.[2] *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

---

[2] Sovereign immunity provides another independent basis for dismissal of Jakubowski's claim against the State of Michigan. Under the Eleventh Amendment, Michigan is not subject to suit in Federal court unless it waives its sovereign immunity, which it has not done here. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *see also Quern v. Jordan*, 440 U.S. 332, 341 (1979) (Congress did not abrogate States' Eleventh Amendment sovereign immunity by enacting § 1983.) (procedural history omitted). While the Eleventh Amendment "does not extend its immunity to

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 5), is **APPROVED AND ADOPTED** to the extent provided in this Order.

2. Plaintiff Jakubowski's claims against Defendants Schoolcraft County and the State of Michigan are **DISMISSED**.

3. For the same reasons that the Court dismisses Jakubowski's Complaint, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

5. This matter is **TERMINATED**.

**IT IS SO ORDERED.**

Dated: July 18, 2024         /s/ Robert J. Jonker
                             ROBERT J. JONKER
                             UNITED STATES DISTRICT JUDGE

---

units of local government," *Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 369 (2001), the County has done nothing to Jakubowski besides have its County Prosecutor and Circuit Court proceed with criminal charges against him. And when the County Prosecutor and Circuit Court did so, they were acting as agents of the State—rather than as agents of the County—so the County cannot be held liable under § 1983 and Jakubowski's claim against the County must be dismissed. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 345 (6th Cir. 2009).